Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X-DJ 2024-062C

| | | |
|---|---|---|
| ÁNGEL LUIS VÁZQUEZ GONZÁLEZ<br><br>Apelado<br><br>V.<br><br>PLAZA LAS AMÉRICAS, INC.<br><br>Apelante | TA2025AP00126 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV02706<br><br>Sobre: Despido Injustificado Bajo la Ley Núm. 80; Procedimiento Sumario Bajo la Ley Núm. 2. |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 18 de septiembre de 2025.

El 14 de julio de 2025, compareció ante este Tribunal de Apelaciones, Plaza Las Américas (en adelante, apelante o PLA), mediante recurso de apelación. Mediante este, nos solicita que revisemos la *Sentencia* emitida y notificada el 3 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior San Juan. En virtud del aludido dictamen, el foro *a quo* declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por PLA, a favor del señor Ángel Luis Vázquez González (en adelante, apelado o señor Vázquez González).

Adelantamos que, por los fundamentos que se exponen a continuación, se revoca el dictamen apelado.

### I

Los eventos fácticos y procesales que dan lugar al recurso que nos ocupa son los que en adelante se esbozan. El 21 de marzo de

2024, el señor Vázquez González presentó una *Querella* por despido injustificado al amparo de la Ley Núm. 80 de 20 de mayo de 1976, 29 LPRA § 185 *et seq.*[1], mediante el procedimiento sumario que contempla la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA § 3118 *et seq.*[2].[3] En su escrito, alegó haber laborado para PLA por cuarenta y dos (42) años. Detalló que, comenzó en 1980 como empleado de mantenimiento y, posteriormente, el 11 de septiembre de 1999, fue ascendido a supervisor de mantenimiento. Sostuvo que, ocupó dicho puesto hasta el 1ro de marzo de 2022, cuando fue despedido.

Indicó que, desde sus inicios en la empresa, existía una regla no escrita en la división de mantenimiento de PLA, consistente en regalar bolsas plásticas de basura individuales a los empleados de mantenimiento que realizaran una solicitud razonable. Alegó que, dicha práctica era conocida y aprobada por la superintendencia de la división de mantenimiento, la cual incluso, autorizaba a los supervisores a entregar o permitir la apropiación de las bolsas por los empleados de menor jerarquía.

Adujo que, entre el 24 y 25 de febrero de 2022, el señor Héctor Reyes, empleado de mantenimiento de PLA (en adelante, señor Reyes), se apropió de dos (2) rollos completos de bolsas. Señaló que, al ser confrontado, el señor Reyes alegó que, había sido autorizado por el señor Vázquez González. No obstante, este último negó haber autorizado o consentido que el señor Reyes se apropiara de dichos rollos.

No obstante, relató que, el 2 de marzo de 2022, fue citado a una reunión por el Director de Recursos Humanos, señor Francisco Rivera, en la que también participaron el señor Francisco Figueroa

---

[1] Ley sobre Despidos Injustificados, según enmendada.
[2] Ley de Procedimiento Sumario de Reclamaciones Laborales, según enmendada.
[3] Apéndice del recurso de apelación, entrada número 1.

y el señor Eli González Febres, superintendente de *housekeeping* de PLA. Adujo que, allí, se le informó que, PLA prescindiría de sus servicios.

El señor Vázquez González aclaró que, al momento del despido, el mero acto de autorizar la apropiación de una bolsa nunca había sido motivo de penalización por PLA. Además, destacó que, PLA no aplicó un proceso de disciplina progresiva contra él, ni despidió al empleado de mantenimiento que, en efecto, se había apropiado de los rollos de bolsas.

De igual modo, puntualizó que, al momento de su despido, era el supervisor de mayor edad en el puesto, y únicamente le faltaban tres (3) años para cualificar al plan de retiro de PLA.

Finalmente, adujo que, el 23 de marzo de 2022, había presentado una querella ante el Negociado de Normas del Trabajo (Negociado) del Departamento de Trabajo y Recursos Humanos (DTRH) contra PLA, pero esta había sido declarada sin lugar por la agencia el 24 de mayo de 2023.[4]

Por todo lo anterior, el señor Vázquez González solicitó: (1) el pago de la mesada correspondiente, ascendente a $131,324.86; (2) la compensación justa por los daños económicos pasados, presentes y futuros; (3) la reinstalación en el empleo y, (4) el pago de honorarios de abogado.

El 26 abril de 2024, PLA presentó su *Contestación a Querella.*[5] Mediante esta, negó la mayoría de las alegaciones contenidas en la *Querella.* Sostuvo que, el señor Vázquez González había sido despedido por justa causa, pues había autorizado a un empleado bajo su supervisión a apropiarse ilegalmente de propiedad de PLA. Manifestó que, dicho acto resultaba prohibido por las normas de

---

[4] *Íd.*, entrada número 30, exhibit A, pág. 71.
[5] Apéndice del recurso de apelación, entrada número 7.

conducta de la empresa, las cuales habían sido firmadas por el apelado.[6]

Por otra parte, negó la existencia de la alegada regla no escrita. Aclaró que, el señor Vázquez González no solo había autorizado al empleado a llevarse bolsas individuales, sino que le permitió apropiarse de dos (2) rollos completos, cada uno compuesto por veinticinco (25) bolsas.

Adicionalmente, indicó que, el señor Vázquez González no participaba de ningún plan de retiro administrado por PLA. Señaló además, que, el apelado había reconocido la gravedad de su falta, por lo que no procedía la aplicación de medidas disciplinarias.

Como defensas afirmativas, entre otras, PLA sostuvo que, la querella del apelado estaba prescrita. Sobre ello, detalló que, dado que el despido del señor Vázquez González había ocurrido el 2 de marzo de 2022, la querella había sido presentada luego del periodo de un (1) año que dispone el ordenamiento jurídico para presentar una reclamación por despido injustificado. Precisó que, aun cuando dicho término hubiese sido interrumpido por la reclamación instada ante el DTRH, ello había ocurrido hacía más de un (1) año. Finalmente, afirmó que, el remedio provisto por la Ley Núm. 80, *supra,* era exclusivo, por lo que el apelado no tenía derecho a la reinstalación en el empleo ni al pago de ingresos pasados ni futuros.

Tras varias incidencias procesales innecesarias pormenorizar, el 16 de diciembre de 2024, PLA instó una *Moción de Sentencia Sumaria.*[7] A través de esta, propuso veinte (20) hechos que, a su

---

[6] En lo pertinente, la norma número veinte del manual de conducta dispone que, la siguiente actuación conlleva el despido como primera sanción:

> 20- Apropiación de propiedad privada de clientes, de empleados o de la compañía.
> Esto incluye la obtención y/o extraer sin autorización documentos oficiales, memos confidenciales o internos, minutas de reuniones de Gerentes y Supervisores y/o cualquier otro documento que no sea para circulación general.

*Véase,* Apéndice del recurso de apelación, entrada número 25, exhibit 1, pág. 17.
[7] Apéndice del recurso de apelación, entrada número 25.

juicio, no estaban en controversia. Por otra parte, adujo que, los asuntos en controversia se ceñían a determinar si la reclamación de despido injustificado estaba prescrita, y si el despido había sido justificado.

Con respecto al asunto de prescripción, PLA reiteró que, el apelado contaba con el término de un (1) año, contado a partir de la fecha en que fue separado de su empleo –entiéndase, el 2 de marzo de 2022–, para presentar su reclamación por despido injustificado o, en su lugar, interrumpir dicho término mediante una reclamación extrajudicial.

Alegó que, el término prescriptivo había sido inicialmente interrumpido el 26 de mayo de 2022, a través de la reclamación extrajudicial instada por el apelado ante el Negociado de Normas del Trabajo del DTRH. Sostuvo que, posteriormente, el 9 de febrero de 2023, el término fue interrumpido nuevamente, mediante una comunicación cursada a PLA. Adujo que, luego de dicha fecha, no se realizó alguna otra reclamación extrajudicial que interrumpiera el plazo de un (1) año. Así, indicó que, el periodo para presentar la reclamación había vencido el 9 de febrero de 2024, por lo que, la querella había sido presentada luego de transcurrido el término correspondiente.

En cuanto a si el despido había sido justificado, insistió en que, el apelado había autorizado al señor Reyes a llevarse las bolsas de basura, acto para el cual no tenía autoridad. Hizo hincapié en que, las normas de conducta recibidas por el señor Vázquez González prohibían expresamente dicha acción. Así, esgrimió que, sus acciones habían sido contrarias al buen y normal funcionamiento de la empresa, razón por la cual el despido había sido justificado.

En apoyo a su solicitud, PLA presentó fragmentos de una deposición tomada al señor Vázquez González[8], donde, en más de una ocasión, este reconoció que había autorizado al señor Reyes ha apropiarse de unas bolsas. En específico, surge de la deposición lo siguiente:

P: Entonces en esa reunión con el Sr. Francisco Rivera y la otra persona que lo dijo, usted le dijo que usted había autorizado al Sr. Héctor Reyes a que cogiera bolsas, pero un solo rollo.

R: No, señor.

P: ¿No un rollo sino una bolsa nada más?

R: Unas bolsas.

P: "Unas bolsas".

R: Sí.

P: Más de una.

R: Más de una.

[…][9]

P: La única persona que puede disponer de la propiedad de la compañía son los dueños de la compañía.

R: Pero yo como supervisor autoricé a mi empleado que cogiera unas bolsas.

P: Correcto. Y la persona que tenía autoridad para disponer de esas bolsas era la compañía.

R: Sí, señor.

P: No usted.

R: Sí, señor.

[…][10]

P: Usted autorizó a que se llevará *sic* bolsas, entonces.

R: Sí.

P: ¿Correcto?

R: Sí, correcto.

---

[8] *Íd.*, exhibit 1.
[9] *Íd,* pág. 30, líneas 2-13.
[10] *Íd.*, pág. 35, líneas 1-11.

[…][11]

Adicionalmente, surge de la deposición que, el señor Vázquez González afirmó que, conocía las normas de conducta de la empresa y, como supervisor, debía velar por que los empleados bajo su mando cumplieran con estas.

> P: ¿Está usted de acuerdo conmigo que entre sus funciones principales, para llamarlo de alguna forma, pues estaba supervisar, adiestrar y evaluar a los empleados de Mantenimiento?
>
> R: Sí, señor.
>
> P: Okey. ¿Y velar por que los empleados, que todos los empleados cumplieran con las normas y políticas de la compañía?
>
> R: Sí, señor.
>
> […]
>
> P: De que ciertamente todos los empleados tienen que cumplir con la política, pero usted como supervisor tiene que aparte de cumplir, dar el ejemplo del cumplimiento de las de las políticas, ¿correcto?
>
> R: Sí, señor.
>
> […][12]
>
> P: Don Ángel, ¿recuerda usted que se le entregó copia de un documento que se llama "Bosquejo de Normas de Conducta"?
>
> R: Sí, señor.
>
> P: Bien. Lo recibió y usted lo estudió, ¿correcto?
>
> R: Sí, señor.
>
> […][13]
>
> P: […] Esto es parte de ese bosquejo que usted recibió, ¿correcto?
>
> R: Sí, señor.
>
> P: Y usted está familiarizado con todas estas normas.
>
> R: Sí, señor.
>
> […][14]

---

[11] Apéndice del recurso de apelación, entrada número 30, exhibit A, pág. 53, líneas 1-5.

[12] *Íd.*, entrada número 25, exhibit 1, pág. 23, líneas 10-18.

[13] *Íd.*, pág. 50, líneas 21-24; pág. 51, líneas 1-3.

[14] *Íd.*, 9-14.

Luego de una prórroga concedida, el 6 de febrero de 2025, el señor Vázquez González se opuso mediante *Oposición a Moción Solicitando Sentencia Sumaria*.[15] Tras rechazar todos los hechos que entendía controvertidos, añadió tres (3) hechos que entendía en controversia y diecinueve (19) incontrovertidos. Arguyó que, el argumento de prescripción carecía de méritos. Indicó que, la presentación de la reclamación ante el Negociado había congelado el término desde el 26 de mayo de 2022, hasta el 24 de mayo de 2023, fecha en que fue desestimada. Por lo que, el término para presentar la reclamación ante el foro judicial vencía el 24 de mayo de 2024. Como fundamento, hizo referencia al caso *Díaz Santiago v. International Textiles*, 195 DPR 862 (2016), donde se resolvió que, para que procediera la congelación de un término prescriptivo, debía existir identidad de propósitos entre la reclamación presentada y la acción judicial posterior. En ese sentido, sostuvo que, tanto la presentación de la querella ante el Negociado, como su reclamación judicial, correspondían a una acción por despido injustificado bajo la Ley Núm. 80, *supra*, por lo que se cumplía con el requisito de identidad de propósitos.

Por otro lado, insistió en que el despido había sido injustificado. Detalló que, nada en el expediente demostraba que había incurrido en una falta grave que justificara su despido inmediato.

Entre los documentos contenidos en apoyo a su oposición, el señor González Vázquez incluyó una declaración jurada propia, y una declaración jurada del señor Rafael Díaz Sánchez (señor Díaz Sánchez), quien había trabajado como superintendente de *housekeeping* para PLA.[16]

---

[15] Apéndice del recurso de apelación, entrada número 30.
[16] *Íd.*, exhibit B y E.

Con respecto a su propia declaración jurada, el señor González Vázquez sostuvo que, durante el tiempo que trabajó para PLA, contaba con pleno conocimiento de la política no escrita de regalar y autorizar el uso de bolsas plásticas de basura individuales a los empleados de la división de *housekeeping* de PLA, a criterio del supervisor. Precisó que, para ello, era necesario que el empleado solicitara autorización. Añadió que, en varias ocasiones observó a otros supervisores autorizar a otros empleados a llevarse bolsas de basura individuales, sin consecuencia disciplinaria alguna.

Por su parte, el señor Sánchez Díaz expuso que, se había desempeñado como superintendente de *housekeeping* en PLA desde el 1998 hasta el 2019. Adujo que, desde que comenzó a trabajar en dicho puesto, existía la política no escrita de regalar bolsas plásticas de basura individuales al empleado que realizara una solicitud razonable. Añadió que, dicha práctica surgió con el propósito de evitar el hurto de las referidas bolsas.

Además de dichas declaraciones juradas, el señor Vázquez González incluyó la deposición que le fuese tomada, junto a sus anejos. Como parte de estos, incluyó un documento relacionado al proceso llevado a cabo en el Negociado, donde el apelado relata una entrevista que le fue realizada por la investigadora del Departamento de Trabajo de Normas y Salarios del DTRH.[17] Allí, y en lo pertinente, el señor Vázquez González relató que: "[l]a investigadora me preguntó si lo de dar la bolsa se ha hecho anteriormente y yo le respondí que la administración pasada daba permiso después que no abusaran."[18]

Posteriormente, el 27 de febrero de 2025, PLA instó una *Réplica a Oposición a Moción Solicitando Sentencia Sumaria*.[19] A

---

[17] *Íd.*, exhibit A, pág. 63.
[18] *Íd.*
[19] Apéndice del recurso de apelación, entrada número 34.

grandes rasgos, manifestó que, el señor Vázquez González tenía el peso de la prueba para demostrar que el despido había sido injustificado. De otro lado, arguyó que, la moción en oposición presentada por el apelado no cumplía con las disposiciones de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. Indicó además, que, la declaración jurada del apelado constituía un *sham affidavit*, por lo que debía ser excluida. Finalmente, reiteró que, la causa de acción estaba prescrita.

Luego, el 14 de marzo de 2025, el señor Vázquez González presentó *Dúplica a "Réplica a Oposición a Moción Solicitando Sentencia Sumaria"*.[20] En lo pertinente, adujo que, aun cuando él tuviese el peso de la prueba, el Tribunal venía obligado a evaluar las controversias fácticas planteadas de la manera más favorable a la parte no promovente de la sentencia sumaria, de conformidad a la normativa jurídica. Por otra parte, precisó que, la declaración jurada contenía hechos y aclaraciones consistentes con su deposición, por lo que no le era de aplicación la doctrina de *sham affidavit*. Puntualizó que, su declaración jurada únicamente exponía hechos dentro de su conocimiento personal y directo, y precisaba su comprensión sobre la regla no escrita, su origen y su aplicación.

Además, expresó que, del expediente surgía claramente que, la oposición a la solicitud de sentencia sumaria estaba debidamente apoyada con la documentación correspondiente, en cumplimiento con la Regla 36 de Procedimiento Civil, *supra*.

Por último, subrayó nuevamente que, la presentación de la querella ante el Negociado había congelado el término prescriptivo para presentar una acción judicial, y el nuevo plazo vencía el 21 de marzo de 2024.

---

[20] *Íd.*, entrada número 36.

Atendidos los escritos de las partes, el 3 de julio de 2025, el foro *a quo* dictó la *Sentencia* recurrida.[21] En virtud de esta, el Tribunal de Primera Instancia consignó las siguientes determinaciones de hechos como incontrovertidas:

1. La última posición que ocupó el Querellante para Plaza las Américas fue de Supervisor de Housekeeping.

2. Entre las funciones principales del puesto del Querellante estaba supervisar, adiestrar y evaluar a los empleados de mantenimiento, y asegurarse que todos los empleados cumplieran con las normas y políticas de la compañía.[22]

3. El Querellante fue separado de empleo el 2 de marzo de 2022.

4. El Querellante reconoció en su deposición que era importante que sea un ejemplo para los demás empleados con el cumplimiento de las políticas y que él siempre debe cumplir con las políticas.

5. El Sr. Eli González era el supervisor del Querellante.

6. El Sr. Reyes era un empleado de mantenimiento, bajo la supervisión del Querellante.

7. El Sr. Reyes le pidió al Querellante unas bolsas de basuras (sic) para realizar un trabajo en su patio, lo cual es un trabajo no relacionado con las operaciones de P.L.A.

8. El Querellante reconoció que autorizó al Sr. Reyes a que cogiera varias bolsas de basura.

9. El Querellante recibió el bosquejo de normas de conducta de la Querellada.

10. El 25 de febrero de 2022, el Sr. Reyes, un empleado de mantenimiento en Plaza Las Américas se apropió de dos (2) rollos de bolsas completos del carro de materiales de mantenimiento localizado en el "cuarto de las bandejas."[23]

11. El Sr. Vázquez González no estaba en el "cuarto de las bandejas" cuando el Sr. Reyes se apropió de dos (2) rollos de bolsas de basura.[24]

---

[21] *Íd.*, entrada número 38.

[22] Nota al calce en el original: Véase Oposición a Moción de sentencia sumaria, su Exhibit A Deposición del Sr. VG, Anejo 5, página 77, penúltimo párrafo sobre acción disciplinaria; Anejo 6, pág. 78, tercer párrafo sobre ejecutoria de trabajo-manejo de empleados; entrada núm. 30 del expediente electrónico.

[23] Nota al calce en el original: Véase admisión de PLA del hecho propuesto en la Réplica en su pág. 27, entrada núm. 34 del expediente electrónico.

[24] Nota al calce en el original: Véase admisión de PLA del hecho propuesto en la Réplica en su pág. 27, entrada núm. 34 del expediente electrónico.

12. Plaza Las Américas no amonestó al Sr. Reyes por su apropiación de dos (2) rollos de bolsas de basura. El Sr. Reyes no fue amonestado toda vez que este actuó según fue autorizado por Vázquez quien era su supervisor.[25]

13. Plaza Las Américas no despidió al Sr. Reyes por su apropiación de dos (2) rollos de bolsas de basura. El Sr. Reyes no fue despedido toda vez que este actuó según fue autorizado por Vázquez quien era su supervisor[.][26]

14. Plaza Las Américas no empleó un proceso de disciplina progresiva contra el Sr. Vázquez González al despedirlo por supuestamente autorizar al Sr. Reyes a apropiarse de dos rollos de bolsas de basura. De acuerdo con las normas escritas de P.L.A., dicha conducta conlleva despido con la primera infracción.[27]

15. Todo empleado tiene que seguir las normas de conducta y políticas de la compañía tal cual establecidas.[28]

16. El costo de las bolsas individuales para ese momento era de alrededor de 18 centavos.[29]

17. Los rollos de bolsas de basura son de veinticinco (25) bolsas.[30]

18. El Sr. Vázquez González tuvo excelentes evaluaciones de su desempeño durante sus 42 años trabajando para Plaza Las Américas.[31]

19. Durante su tiempo de empleo en Plaza Las Américas, al Sr. Vázquez González solamente se le suministró una amonestación verbal sobre un incidente totalmente aislado al que genera la presente reclamación que data del año 2021.[32]

---

[25] Nota al calce en el original: Véase admisión de PLA del hecho propuesto en la Réplica en su pág. 30, entrada núm. 34 del expediente electrónico.

[26] Nota al calce en el original: Véase admisión de PLA del hecho propuesto en la Réplica en su pág. 30, entrada núm. 34 del expediente electrónico.

[27] Nota al calce en el original: Véase admisión de PLA del hecho propuesto en la Réplica en su pág. 30, entrada núm. 34 del expediente electrónico.

[28] Nota al calce en el original: Véase Oposición a Moción de sentencia sumaria, su Exhibit D Deposición del Sr. Elí González, en su página 81, líneas 7 a la 21, entrada núm. 30 del expediente electrónico. Véase también en la Oposición a Moción de sentencia sumaria, su Exhibit A Deposición del Sr. VG, en su página 23, líneas 23 a la 24, y página 24, líneas 1 a la 9, entrada núm. 30 del expediente electrónico.

[29] Nota al calce en el original: Véase Oposición a Moción de sentencia sumaria, su Exhibit D Deposición del Sr. Elí González, en su página 62, líneas 9 y 10, entrada núm. 30 del expediente electrónico.

[30] Nota al calce en el original: Véase Oposición a Moción de sentencia sumaria, su Exhibit D Deposición del Sr. Elí González, en su página 61, líneas 5, entrada núm. 30 del expediente electrónico.

[31] Nota al calce en el original: PLA no controvirtió este hecho en su Réplica. Ver entrada núm. 34 del expediente electrónico. Además, ver Oposición a Moción de sentencia sumaria, su Exhibit D Deposición del Sr. Elí González, en su página 62, líneas 10 a la 24, entrada núm. 30 del expediente electrónico.

[32] Nota al calce en el original: PLA no controvirtió este hecho en su Réplica. Ver entrada núm. 34 del expediente electrónico.

20. Una de las normas que P.L.A. sanciona en su Bosquejo de Normas de Conducta es la núm. 20:

> Apropiación de propiedad privada de clientes, de empleados o de la compañía. Esto incluye la obtención y/o extraer sin autorización documentos oficiales, memos confidenciales o internos, minutas de reuniones de Gerentes y Supervisores y/o cualquier otro documento que no sea para circulación general. Despido.[33]

21. La parte Querellada, P.L.A., despidió al Sr. Vázquez González al amparo de la regla núm. 20 del Bosquejo de Normas de Conducta, cuya sanción ante la primera infracción es el despido.[34]

22. La conducta imputada al Sr. Vázquez González, que da paso a su despido es que autorizó al Sr. Reyes a apropiase de bolsas de basura —propiedad de P.L.A.— sin tener la potestad para autorizar tal acción.[35]

23. El Querellante nunca le envió una carta a la Querellada diciendo que su despido era injustificado.

24. El 26 de mayo de 2022 el Negociado de Normas al Trabajo le envió a la Querellada una comunicación, la cual constituía una reclamación extrajudicial a nombre del Querellante.

25. El 9 de febrero de 2023 el Negociado de Normas de Trabajo nuevamente le envió a la Querellada una comunicación, la cual constituía una reclamación extrajudicial a nombre del Querellante.

26. Luego de dicha carta del 9 de febrero de 2023, la Querellada no volvió a recibir otra comunicación donde se reclamaba que el despido del Querellante fuera injustificado.

---

[33] Nota al calce en el original: Véase Oposición a Moción de sentencia sumaria, su Exhibit A Deposición del Sr. VG, en su página 79, Anejo 8 Bosquejo de Normas de Conducta núm. 20; entrada núm. 30 del expediente electrónico.

[34] Nota al calce en el original: Véase Réplica de PLA, en su página 30, hecho núm. 13, entrada núm. 34 del expediente electrónico. También véase Oposición a Moción de sentencia sumaria, su Exhibit A Deposición del Sr. VG, en su página 23, líneas 15 a la 24; página 24, líneas 1 a la 9; páginas 50 y 51; pág. 55 líneas 3 a la 11; entrada núm. 30 del expediente electrónico.

[35] Nota al calce en el original: Véase Réplica en su pág. 22, primer y tercer párrafo, pág. 31 en su conclusión que lee "el acto de autorizar a otra persona a llevarse bienes de la empresa sin la debida autorización constituye una falta grave que justifica la acción de despido", entrada núm. 34 del expediente electrónico. (Énfasis nuestro). Véase también la Moción de sentencia sumaria en su pág. Núm. 10, entrada núm. 25 del expediente electrónico donde PLA expresa: "Como se mencionó anteriormente, es un hecho incontrovertible que las normas de conducta recibidas por el Querellante prohibían el tipo de conducta que él, como supervisor, autorizó." Véase, además, contestación a la querella presentada por PLA, alegación núm. 4, 6, 7, 13, 14, 18, 25, 26, entrada núm. 7 del expediente electrónico donde PLA expresa: "se alega afirmativamente que el Querellante autorizó al Sr. Reyes a apropiarse ilegalmente de propiedad de la Querellada".

A su vez, emitió los siguientes hechos en controversia:

1. Si el despido del Sr. Vázquez González fue justificado.

    a. Si fue justificado el despido del Sr. Vázquez González cuando el Sr. Reyes, quien se apropió de bolsas de basura con la autorización del Sr. Vázquez González, no fue sancionado, aun cuando ambos empleados estaban sujetos al mismo reglamento de conducta.

    b. Si existía una práctica o política no escrita que permitía a supervisores autorizar a sus supervisados a llevarse material corporativo de desecho.

    c. Si el Sr. Vázquez González tenía autoridad, en virtud de su posición y la práctica o política no escrita, para autorizar al Sr. Reyes a llevarse bolsas de basura.

A base de lo anterior, el tribunal primario razonó, en primer orden, que, la causa de acción no estaba prescrita. Precisó que, (1) existía identidad de propósitos entre la querella presentada ante el Negociado y la acción judicial y, (2) el Negociado tenía facultad para atender la reclamación extrajudicial. En ese sentido, sostuvo que, el término prescriptivo había quedado congelado desde la presentación de la querella ante el Negociado hasta que esta fue atendida.

En segundo lugar, concluyó que, no se daba el elemento de reiteración de la conducta imputada que exigía la Ley Núm. 80, *supra.* Indicó que, de conformidad a la prueba presentada, era la primera ocasión en la que el señor Vázquez González emitía una autorización similar.

En tercer lugar, el Tribunal de Primera Instancia razonó que, las normas invocadas por PLA al momento de despedir al apelado no definían la falta que, por su gravedad, podría acarrear el despido. Detalló que, la única norma escrita que expresamente disponía el despido inmediato ante una primera infracción, estaba relacionada a la "apropiación" y no a la "autorización". De modo que, la conducta del señor Vázquez González no era congruente con la conducta que se le imputaba.

En cuarto lugar, dictó que, PLA había aplicado de manera desigual su política entre el señor Vázquez González y el señor Reyes, hecho que demostraba que, el despido había sido caprichoso.

En quinto lugar, el foro *a quo* concluyó que, el valor de los rollos de bolsas de basura no resultaba proporcional a la medida disciplinaria impuesta al señor Vázquez González. Razonó que, haber despedido al apelado por autorizar a un empleado a llevarse dos rollos de bolsa con un costo aproximado de $8.66, sin haber sancionado al empleado, comprobaba que la decisión había sido arbitraria.

En sexto lugar, el tribunal recurrido dispuso que, las normas de conducta de PLA resultaban ambiguas. Explicó que, aunque la norma que prohibía la apropiación número sugería un listado no taxativo de las conductas que constituían tal acto, esta no proveía parámetros claros ni advertía específicamente sobre la autorización de bienes físicos o materiales.

Finalmente, el Tribunal de Primera Instancia resolvió que, la controversia sobre si existía o no una política no escrita que permitía la autorización a los empleados de llevarse bolsas, era secundaria. En ese sentido, adujo que, esta no era determinante para adjudicar la controversia principal del caso.

Cónsono a lo anterior, el foro recurrido declaró *Ha Lugar* la solicitud de sentencia sumaria a favor del señor Vázquez González, y ordenó a PLA a pagar la suma de $140,676.34 por concepto de mesada, más un veinticinco por ciento (25%) en honorarios de abogados.

En desacuerdo con lo resuelto, el 14 de julio de 2025, la apelante acudió ante este foro mediante el recurso que nos ocupa y esgrimió los siguientes señalamientos de error:

1. Erró el honorable Tribunal al no desestimar la querella por prescripción por entender que el proceso investigativo ante el negociado de normas del trabajo tiene igualdad de propósito e identidad con el procedimiento civil ante el TPI, por lo que según el TPI los procedimientos ante normas del trabajo tiene el efecto de congelar el término prescriptivo de una acción al amparo de la Ley 80.

2. Erró el honorable TPI al concluir que el despido de Vázquez fue caprichoso y arbitrario.

3. Erró el honorable TPI al concluir que PLA aplicó de manera desigual las normas de conducta imputada a Vázquez, pues la única conducta de Reyes que se desprende de los hechos y la evidencia es que, antes de llevarse las bolsas de basura, le pidió autorización a Vázquez para poder llevárselas.

   a. Erró el honorable TPI al concluir que se debía aplicar una medida disciplinaria similar a Reyes, cuando este era un empleado subordinado a Vázquez, quien ocupaba una posición como supervisor.

   b. Erró el honorable TPI al determinar que la falta de sanción a Reyes denota que Vázquez tenía autoridad para regalar propiedad de PLA.

   c. Erró el honorable Tribunal como cuestión de derecho a dictar sentencia *sua sponte* a favor de Vázquez en violación al debido proceso de ley.

4. Erró el honorable TPI al con[c]luir que la norma de conducta aplicada era ambigua o fue mal aplicada, debido a que la misma se refiere a "apropiación" y no a "autorización".

5. Erró el honorable TPI al concluir que el valor monetario de las bolsas era un factor a considerarse por lo que no se debió haber despedido al querellante por este llevar 42 años trabajando para PLA.

Mediante *Resolución* emitida el 16 de julio de 2025, concedimos al apelado hasta el martes, 29 de julio de 2025, para expresarse en cuanto al recurso. En cumplimiento, el mismo 29 de julio de 2025, el señor Vázquez González presentó su *Oposición a Apelación*.

Contado con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II

### A. Sentencia Sumaria

La sentencia sumaria es un mecanismo procesal disponible en nuestro ordenamiento que nos permite resolver controversias sin que se requiera llegar a la etapa de juicio. *Birriel Colón v. Econo y Otro*, 213 DPR 80, 90 (2023); *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 610 (2023); *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964, 979 (2022); *Delgado Adorno v. Foot Locker Retail*, 208 DPR 622, 627 (2022). La sentencia sumaria está regida por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, la cual desglosa los requisitos específicos con los que debe cumplir esta norma procesal. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015).

Ante la ausencia de una controversia sustancial y real sobre hechos materiales, sólo resta aplicar el derecho pertinente a la controversia. *Serrano Picón v. Multinational Life Ins.*, supra. Cuando se habla de hechos materiales, nos referimos a aquellos que pueden determinar el resultado de la reclamación, de conformidad con el derecho sustantivo aplicable. Así pues, el propósito de la sentencia sumaria es facilitar la pronta, justa y económica solución de los casos que no presenten controversias genuinas de hechos materiales. *Alicea Pérez v. Coop. Seg. Múlt. et al.*, 210 DPR 71, 76 (2022); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018); *Velázquez Ortiz v. Mun. De Humacao*, 197 DPR 656, 662-663 (2017); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 335 (2021). Procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia admisible, se acredita la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si procede en derecho. *SLG Fernández-Bernal v.*

*RAD-MAN et al.,* supra. De la prueba adjunta a la solicitud de sentencia sumaria, deberá surgir preponderadamente la inexistencia de controversia sobre los hechos medulares del caso. *Birriel Colón v. Econo y Otro*, supra, pág. 91.

En consonancia con lo anterior, en el pasado el Tribunal Supremo de Puerto Rico ha afirmado que -utilizado ponderadamente- el mecanismo de sentencia sumaria es un vehículo idóneo para descongestionar los calendarios de los tribunales y evitar el derroche de dinero y tiempo que implica la celebración de un juicio en su fondo. *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2019); *Carpets & Rugs v. Tropical Reps.*, 175 DPR 615 (2009).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria a su favor. A esos efectos, establece que una solicitud al amparo de ésta deberá incluir: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V. R. 36.3. *Rodríguez García v. UCA*, 200 DPR 929, 940-941 (2018); *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 336.

Cumplidos estos requisitos, el Tribunal Supremo de Puerto Rico expresó, además, en *Pérez Vargas v. Office Depot,* supra, que el inciso (e) de la Regla 36.3, *supra,* establece lo siguiente:

> La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente. El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o contra cualquier parte en el pleito. Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. 32 LPRA Ap. V, R. 36.3 (e).

La sentencia sumaria no procederá en las instancias que: 1) existan hechos materiales y esenciales controvertidos; 2) haya alegaciones afirmativas en la demanda que no han sido refutadas; 3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o 4) como cuestión de derecho, no proceda. *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 335-336; *Serrano Picón v. Multinational Life Ins.,* supra.

En armonía con la normativa reseñada, nuestra Máxima Curia ha expresado que, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones *Birriel Colón v. Econo y Otro,* supra, pág. 90; *Ramos Pérez v. Univisión,* 178 DPR 200, 215-216 (2010). Las meras afirmaciones no bastan. *Íd.* "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente". *Ramos Pérez v. Univisión,* supra, pág. 215. (Cita omitida); *Roldán*

*Flores v. M. Cuebas, et al.*, supra, pág. 677. Además, se le exige a la parte que se oponga ciertas exigencias adicionales. Primeramente, deberá presentar una relación concisa y organizada de los hechos esenciales y pertinentes que, a su juicio, estén en controversia, citando específicamente los párrafos según fueron enumerados por el promovente de la moción. *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 336. También, deberá enumerar los hechos que no estén en controversia, con indicación de los párrafos o páginas de las declaraciones juradas u otra prueba admisible donde se establezcan estos. *Íd.* En adición, deberá esbozar las razones por las cuales no se debe dictar sentencia sumaria, argumentando el derecho aplicable. *Íd.*

Si el oponente no controvierte los hechos propuestos de la forma en la que lo exige la Regla 36.3 de Procedimiento Civil, *supra*, se podrán considerar como admitidos y se dictará la sentencia sumaria en su contra, si procede. *Roldán Flores v. M. Cuebas et al.*, supra.

Respecto a la revisión de las sentencias sumarias, el foro apelativo deberá utilizar los mismos criterios que el Tribunal de Primera Instancia. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 114 (2015); *González Meléndez v. Mun. San Juan et al.*, supra, pág. 611. Nuestro Máximo Foro ha sido claro en que, [l]os tribunales apelativos estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. *Birriel Colón v. Econo y Otro*, supra, pág. 91. De acuerdo a lo anterior, el foro apelativo está obligado a examinar *de novo* la totalidad de los documentos incluidos en el expediente de la forma más favorable al promovido. *Íd.*; *Serrano Picón v. Multinational Life Ins.*, supra, pág. 993; *Meléndez González et al. v. M. Cuebas*, supra, pág. 116.

### *B. Ley Núm. 80 de 30 de mayo de 1976*

La Ley Núm. 80 de 30 de mayo de 1976, conocida como la *Ley de Indemnización por Despido sin Justa Causa*, 29 LPRA sec. 185ª *et seq.* (Ley Núm. 80), según enmendada, regula las acciones relacionadas con el despido de un empleado. Tiene el propósito de proteger al empleado de actuaciones arbitrarias del patrono e imponer remedios económicos que desalienten la práctica de despedir a los empleados injustificadamente. *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 770 (2022); *Romero et als. v. Cabrera Roig et als.*, 191 DPR 643, 649-650 (2014); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 929 (2015).

En consonancia con su propósito, dicha pieza legislativa establece que "aquellos empleados de comercio, industria o cualquier otro negocio o sitio de empleo que: (1) están contratados sin tiempo determinado; (2) reciben una remuneración, y (3) son despedidos de su cargo, sin que haya mediado una justa causa", tienen derecho al pago de una compensación por su patrono (además del sueldo devengado), típicamente denominada como la mesada. *Orsini v. Srio de Hacienda*, 177 DPR 596, 620-621 (2009); *Rodríguez Gómez v. Multinational Ins.*, 207 DPR 540 (2021); *Indulac v. Unión*, 207 DPR 279, 298 (2021).

Una vez un empleado insta una causa de acción contra su patrono al amparo de la Ley Núm. 80, *supra*, el patrono podrá plantear la defensa de justa causa, a base de los criterios dispuestos en la Ley Núm. 80, *supra*, Art. 2; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019).

Al respecto, la propia Ley Núm. 80, *supra*, estatuye claramente las ocasiones en las que un patrono tendrá justa causa para desvincular a un empleado del puesto. De este modo, en su Artículo 2, reconoce que:

Artículo 2.

Se entenderá por justa causa para el despido de un empleado aquella que no esté motivada por razones legalmente prohibidas y que no sea producto del mero capricho del patrono. Además, se entenderá por justa causa aquellas razones que afecten el buen y normal funcionamiento de un establecimiento que incluyen, entre otras, las siguientes:

(a) Que el empleado incurra en un patrón de conducta impropia o desordenada.

(b) Que el empleado incurra en un patrón de desempeño deficiente, ineficiente, insatisfactorio, pobre, tardío o negligente. Esto incluye incumplir con normas y estándares de calidad y seguridad del patrono, baja productividad, falta de competencia o habilidad para realizar el trabajo a niveles razonables requeridos por el patrono y quejas repetidas de los clientes del patrono.

(c) Violación reiterada por el empleado de las reglas y reglamentos razonables establecidos para el funcionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado.

[...] 29 LPRA sec. 185b.

Sin embargo, esas tres instancias, al igual que las demás que se enumeran en la Ley Núm.80, *supra*, "son solo ejemplos de las posibles causas que constituyen justa causa para el despido". *SLG Torres-Matundan v. Centro Patología*, supra, pág. 930. Esto se debe a que "el concepto justa causa es uno dinámico, que se nutre de múltiples y fluidas situaciones imposible de prever". *Íd.* La Ley Núm. 80, *supra*, no pretende, ni puede, ser un código de conducta que contenga una lista de faltas claramente definidas y la sanción que corresponda a cada una y en cada instancia. *Íd.* Dicho de otra manera, la enumeración de escenarios que se consideran justa causa contenida en la Ley Núm. 80, *supra*, no es taxativa. *Íd.*; *Ortiz Ortiz v. Medtronic*, supra, pág. 773; *Indulac v. Unión,* supra, pág. 299.

Por esa razón, los patronos están en libertad de adoptar los reglamentos y las normas razonables que estimen necesarias para el buen funcionamiento de la empresa y en las que se definan las

faltas que, por su gravedad, podrían acarrear el despido como sanción. *Jusino et als. v. Walgreens*, 155 DPR 560, 573 (2001); *González Santiago v. Baxter Healthcare*, supra, págs. 291-292. Según nuestro Máximo Foro, en las situaciones en las que un patrono despide a un empleado por una causal que no se encuentre enumerada en la Ley Núm. 80, *supra*, el análisis para determinar si esta constituye justa causa se apoya en el principio rector de la Ley Núm. 80, *supra*, contenido en el segundo párrafo de su Art. 2, *supra*, el cual establece lo siguiente: "[n]o se considerará despido por justa causa aquel que se hace por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento". *SLG Torres-Matundan v. Centro Patología,* supra, pág. 931; *González Santiago v. Baxter Healthcare*, supra, pág. 292. De igual forma, la Alta Curia ha destacado que, las violaciones de las normas del empleo constituirán justa causa para el despido en aquellas instancias en las que el patrono consiga demostrar: "(1) que las reglas establecidas para el funcionamiento del establecimiento son razonables[;] (2) que le suministró una copia escrita de dichas normas al empleado, y (3) que el empleado las violó en reiteradas ocasiones". *Ortiz Ortiz v. Medtronic,* supra, págs. 773-774, citando a *Jusino et als. v. Walgreens,* supra.

Con esa regla como norte, y a modo de excepción, nuestra última instancia judicial reconoció que la Ley Núm. 80, *supra*, no excluye de la sanción o despido en primera o única ofensa aquella falta cuya intensidad de agravio así lo requiera en protección de la buena marcha de la empresa y la seguridad de las personas que allí laboran. *González Santiago v. Baxter Healthcare*, supra, págs. 292-293 citando a *Feliciano Martes v. Sheraton*, 182 DPR 368, 383 (2011) y a *Srio. del Trabajo v. ITT*, 108 DPR 536, 543 (1979). Es decir, aunque la Ley Núm. 80, *supra*, "no favorece el despido como sanción a la primera falta, ello podría considerarse justificado si dicha acción

u omisión, por su gravedad y potencial de agravio, pone en riesgo la seguridad, el orden o la eficiencia que constituyen el funcionamiento del negocio". *Rivera v. Pan Pepín*, 161 DPR 681, 690 (2004); *González Santiago v. Baxter Healthcare*, supra.

En esos casos particulares, "la falta o acto aislado que dé lugar al despido del empleado en primera ofensa ha de ser de tal seriedad o naturaleza que revele una actitud o un detalle de su carácter, tan lesivo a la paz y al buen orden de la empresa, que constituiría una imprudencia esperar [a que se repita, para entonces proceder con el despido]. (Citas omitidas). *Íd.* citando a *Rivera v. Pan Pepín*, supra; *Indulac v. Unión,* supra, pág. 300.

Cabe destacar que, la Ley Núm. 80, *supra*, sufrió una serie de enmiendas por medio de la Ley Núm. 4 de 26 de enero de 2017, conocida como Ley de Transformación y Flexibilidad Laboral. Como es sabido, la Ley Núm. 80, *supra*, le imponía al patrono el peso de la prueba y el deber de rebatir la presunción de que el despido había sido injustificado. No obstante, la Ley Núm. 4-2017 "[e]liminó de la ley la frase que le imponía el peso de la prueba al patrono en los casos de [Ley Núm. 80]". *Ortiz Ortiz v. Medtronic*, supra, pág. 776 citando a E. García García, *El legado e implicaciones de la Reforma Laboral de 2017,* 86 Rev. Jur. UPR 1087, 1156 (2017).

En lo pertinente, el Art. 4.12 de la Ley Núm. 4 enmendó el Art. 11 de la Ley Núm. 80, *supra*, con el propósito que dispusiese lo siguiente:

> [...] En todo pleito fundado exclusivamente en las secs. 185ª a 185n de este título, el tribunal celebrará una conferencia no más tarde de sesenta (60) días después de presentarse la contestación a la demanda o querella, a la cual las partes vendrán obligadas a comparecer o ser representados por una persona autorizada a tomar decisiones, incluyendo la transacción de la reclamación. Durante dicha vista se examinarán las alegaciones de las partes, se identificarán las controversias esenciales y se discutirán las posibilidades de una transacción inmediata de la reclamación. De no transigirse la reclamación, el tribunal ordenará el descubrimiento que quede

pendiente y expedirá el señalamiento de fecha para celebrar la conferencia con antelación al juicio. 29 LPRA sec. 185k.

Previo a la enmienda de la Ley Núm. 80, *supra*, una vez un empleado instaba una causa de acción contra su patrono al amparo de la Ley Núm. 80, *supra*, nuestro ordenamiento legal disponía que "el patrono vendrá obligado a alegar, en su contestación a la demanda, los hechos que dieron origen al despido y probar que el mismo estuvo justificado para quedar eximido de cumplir con el pago de la mesada". 29 LPRA 185k(a). *Feliciano Martes v. Sheraton*, supra, pág. 385.

Por otro lado, la aplicación de la Ley Núm. 4-2017 es prospectiva, su Art. 1.2 dispone que "[l]os empleados contratados con anterioridad a la vigencia de esta Ley, continuarán disfrutando los mismos derechos y beneficios que tenían previamente, según lo dispuesto expresamente en las secciones de [e]sta". 2 LPRA sec. 121a; *Ortiz Ortiz v. Medtronic*, supra.

Finalmente, sobre el periodo disponible para instar una reclamación al palio de la Ley Núm. 80, *supra*, esta dispone lo siguiente:

Artículo 12.

Los derechos que concede esta Ley prescribirán por el transcurso de un (1) año a partir de la fecha efectiva del despido mismo. Las reclamaciones por despidos realizados previo a la fecha de vigencia de la "Ley de Transformación y Flexibilidad Laboral" quedarán sujetas al término de prescripción previamente en vigor. 29 LPRA sec. 185*l*.

### C. Prescripción simple y congelación

En nuestra jurisdicción, la prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Birriel Colón v. Econo y Otro*, supra, págs. 94-95; *S.L.G. Serrano- Báez v. Foot Locker*, 182 DPR 824, 831 (2011); *Santos de García v. Banco Popular*, 172 DPR 759, 766 (2007). "[E]l propósito de la prescripción es fomentar el pronto reclamo de

los derechos a la vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra [y se elimina] la incertidumbre de las relaciones jurídicas". *Umpierre Biascoechea v. Banco Popular*, 170 DPR 205, 212-213 (2007). (Sentencia) (Rodríguez Rodríguez, opinión de conformidad). La prescripción, además, castiga la inercia en el ejercicio de los derechos, ya que el mero transcurso del periodo de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372 (2012). En particular, el término prescriptivo busca fomentar el establecimiento oportuno de las acciones, en aras de asegurar que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía. *Íd.*, pág. 374.

Nuestro ordenamiento jurídico permite la interrupción de los términos prescriptivos. A esos efectos, el Código Civil dispone que "'[l]a prescripción de las acciones se interrumpe mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor [...], por una reclamación extrajudicial hecho por el acreedor, dirigida al deudor; o por el reconocimiento de la obligación por el deudor." 31 LPRA sec. 9489.

La interrupción de los términos prescriptivos puede generar distintos efectos. En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido dos (2) modalidades de interrupción: la interrupción simple y la congelación. En ambos casos, el acto de interrupción provoca el inicio de un nuevo término prescriptivo. No obstante, el momento en que comienza a transcurrir ese nuevo periodo varía. En el caso de la interrupción simple, el nuevo plazo prescriptivo comienza a computarse nuevamente desde el momento en que se

produce el acto interruptor. Por el contrario, cuando ocurre la congelación, el término prescriptivo habrá de computarse en un momento posterior. *Díaz Santiago v. Intl. Textiles*, 195 DPR 862, 863 (2016).

En consonancia con lo anterior, la presentación de una reclamación judicial interrumpe y congela el término prescriptivo, siempre y cuando se haya presentado oportuna y eficazmente. En cambio, la reclamación extrajudicial, bien podría acarrear una interrupción simple, o, tener el efecto de congelar el término prescriptivo. *Díaz Santiago v. Intl. Textiles*, supra.

Sobre esto último, el Tribunal Supremo ha explicado que, la reclamación extrajudicial que interrumpe el término prescriptivo es "la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo." *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.*, 204 DPR 183, 204 (2020); *Díaz Santiago v. International Textiles*, supra, pág. 870; *Sánchez v. Aut. de los Puertos*, supra, págs. 567-68. A pesar de que no existen requisitos de forma para llevar a cabo tal reclamación[36], nuestro máximo foro ha reiterado en varias ocasiones que, para que se considere que una reclamación extrajudicial interrumpe un término prescriptivo, la misma debe cumplir con los siguientes requisitos: (1) debe ser oportuna, lo cual requiere que se realice antes de la consumación del plazo; (2) es necesaria la legitimación del reclamante, ello es, que la reclamación se haga por el titular del derecho o acción; (3) el método utilizado para hacer la reclamación debe ser idóneo; y (4) debe existir identidad entre el derecho reclamado y aquél afectado por la prescripción. *Díaz Santiago v. International Textiles*, supra; *Sánchez v. Aut. de los Puertos*, supra, pág. 568.

---

[36] *Díaz Santiago v. International Textiles*, supra; *Meléndez Guzmán v. Berrios López*, 172 DPR 1010, 1019 (2008).

Ahora bien, para que dicha reclamación extrajudicial congele el término prescriptivo, la jurisprudencia ha determinado que, también es necesaria la identidad de propósitos entre el proceso iniciado y la acción judicial. *Díaz Santiago v. International Textiles*, supra, pág. 875. La exigencia de tal identidad de propósitos requiere necesariamente que el foro administrativo concerniente posea facultad en ley para atender la reclamación presentada. *Íd.*, pág. 877.

Dentro de este marco, en *Srio. del Trabajo v. F.H. Co., Inc.*, 116 DPR 823, 824 (1985), el Tribunal Supremo de Puerto Rico resolvió que la radicación de una querella administrativa por discrimen en el empleo, ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos, interrumpe la prescripción para la acción correspondiente bajo la Ley Núm. 100 de 30 de junio de 1959, según enmendada, conocida como la *Ley Antidiscrimen en Puerto Rico*, 29 LPRA sec. 146 *et seq.* Esto, siempre que la querella sea notificada al querellado dentro del término prescriptivo de un año.

Más adelante, en *Díaz Santiago v. International Textiles*, supra, nuestro Máximo Tribunal reiteró lo resuelto en *Maldonado v. Russe*, 153 DPR 342 (2001) sobre que "una gestión ante un foro no judicial puede tener el efecto de congelar el término [prescriptivo] si '*el trámite interno o administrativo guarda identidad de propósitos con la acción judicial, situaciones en las cuales el término queda congelado hasta tanto culmine todo el proceso*'". (Énfasis en el original).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su primer señalamiento de error, la parte apelante sostiene que, el foro primario incidió al no desestimar la querella por razón de prescripción. Alega que, si bien el término prescriptivo para

presentar la acción judicial fue interrumpido por la reclamación extrajudicial presentada ante el Negociado, el plazo no quedó congelado por no existir identidad de propósitos, según requiere el ordenamiento jurídico. No le asiste la razón.

Conforme surge del derecho reseñado, para que una acción extrajudicial tenga el efecto de congelar un término prescriptivo, deben cumplirse varios requisitos. Entre estos, el ordenamiento jurídico exige que exista **identidad de propósitos** entre la reclamación presentada y la acción judicial posterior. *Díaz Santiago v. International Textiles*, supra. Dicha identidad de propósitos, exige además, que, el foro administrativo en el que se presentó la reclamación extrajudicial posea facultad en ley para atender la reclamación presentada. *Díaz Santiago v. International Textiles*, supra, a la pág. 877.

En el caso de marras, el señor Vázquez González presentó una querella por despido injustificado ante el Negociado. Nuestro Tribunal Supremo ha resuelto que, el proceso ante dicha división del DTRH es uno investigativo, que puede dar base a reclamaciones por despido injustificado.[37] De modo que, el Negociado tiene facultad para atender querellas por despido injustificado.

Por otro lado, la acción presentada por el señor Vázquez González ante el foro judicial versa precisamente sobre despido injustificado. Ante dicho escenario, queda evidenciado que, se cumple con el requisito de identidad que exige el ordenamiento jurídico. En consecuencia, resulta forzoso concluir que, el plazo para presentar la acción civil quedó congelado con la presentación de la reclamación ante el Negociado hasta su resolución. Esto es, desde el 23 de marzo de 2022, hasta el 24 de mayo de 2023. A partir de dicha fecha, y por existir identidad de propósitos, el término

---

[37] Véase, *Díaz Santiago v. International Textiles*, supra, pág. 872; *Maldonado v. Russe*, supra, pág. 355.

prescriptivo para la presentación de la acción judicial quedó congelado. Posteriormente, el 24 de mayo de 2023, la querella en cuestión fue desestimada. A partir de esta última fecha, comenzó a transcurrir un nuevo término prescriptivo de un año. Así, el plazo para presentar una reclamación judicial vencía el 24 de mayo de 2024. Toda vez que, el señor Vázquez González presentó su querella el 21 de marzo de 2024, concluimos que, su causa de acción no estaba prescrita.

A tenor con lo anterior, resulta forzoso concluir que, el primer señalamiento de error no fue cometido.

Superado este análisis, procedemos a atender los restantes señalamientos de error. Para ello, y en cumplimiento con nuestra doctrina procesal civil, procederemos a: (1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro de instancia; (2) revisar que tanto la solicitud de sentencia sumaria, así como su oposición, cumplan con las formalidades que exige la referida Regla 36, *supra*; (3) revisar si realmente existen hechos materiales en controversia y, de haberlos, revisar que se haya cumplido con la exigencia de la Regla 36.4 de Procedimiento Civil, *supra*, de exponer concretamente cuáles son los hechos materiales que encontró estaban en controversia y cuales están incontrovertidos; y, (4) de encontrar que los hechos materiales realmente están incontrovertidos, procederemos a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[38]

Así, en primer orden, revisamos de *novo* tanto la moción dispositiva presentada por PLA, como la oposición instada por el señor Vázquez González, para determinar si ambos escritos cumplen

---

[38] *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 679.

con los requisitos de forma que exige la Regla 36 de Procedimiento Civil, *supra.*

De un ponderado análisis del expediente ante nuestra consideración, surge que, tanto la parte apelante, en su moción dispositiva, como el apelado, en su escrito en oposición, cumplieron sustancialmente con las formalidades dispuestas por la Regla 36 de Procedimiento Civil, *supra.* Ambas partes incluyeron sus alegaciones y enumeraron los hechos que entendían incontrovertidos de manera detallada. Asimismo, tanto PLA como el señor Vázquez González hicieron referencia a declaraciones juradas y otros documentos que obran en el expediente para sustentar sus argumentos. En el caso particular del apelado, en su oposición, este hizo referencia a la prueba documental que, a su juicio, controvertía los hechos alegados por PLA, indicando los párrafos y las páginas específicas a las que hacía referencia.

Atendido este asunto, nos corresponde dilucidar si, en el presente caso, existen hechos materiales en controversia. Tras una revisión exhaustiva del expediente, concluimos que no existen hechos materiales en controversia.

Cabe puntualizar que, si bien el señor Vázquez González presentó una serie de documentos junto a su escrito en oposición a la sentencia sumaria, somos del criterio que, estos no constituyen prueba sustancial para controvertir los hechos incontrovertidos que propuso PLA, según exige el ordenamiento jurídico. Nos explicamos.

Conforme surge del expediente, el planteamiento principal del señor Vázquez González para sustentar que su despido fue injustificado, es que, al momento en que autorizó al empleado a llevarse las bolsas de basura, existía una política en la empresa que lo permitía. Sin embargo, la única prueba presentada por el apelado para sustentar dicho argumento consistió en su propia declaración jurada y la declaración jurada del señor Sánchez Díaz.

Por su parte, la declaración jurada del señor Vázquez González se redujo a esbozar que, tenía pleno conocimiento de la alegada política no escrita, que como supervisor tenía autoridad para ello, y que, ocasionalmente observó a otros supervisores autorizar a empleados a llevarse bolsas de basura individuales, sin consecuencia disciplinaria alguna. Sin embargo, este no incluyó alguna otra evidencia que sustentara dicha aseveración.

De otro lado, en su declaración jurada, el señor Sánchez Díaz se limitó a declarar que, la supuesta regla no escrita se había implementado en un pasado para atender un problema de hurto de bolsas. Sin embargo, adviértase, que al momento de los hechos, el señor Sánchez Díaz no ocupaba cargo alguno el PLA. En esa misma línea, apuntamos que, el señor Vázquez González relató que, la "administración pasada" permitía la autorización para que los empleados se llevaran bolsas de basura. Es decir que, nada en el expediente apoya la alegación principal del apelado, y las aseveraciones presentadas no permiten concluir que, la alegada regla no escrita constituye una política contemporánea de PLA, vigente al momento de los hechos.

Como es sabido, el Máximo Foro ha puntualizado que, meras alegaciones sin prueba robusta no son suficientes para crear una controversia real de hechos que impida la concesión de una sentencia sumaria. Asimismo, la Regla 36 de Procedimiento Civil, *supra*, exige que, la parte que se opone a una solicitud de sentencia sumaria, controvierta la prueba con evidencia **sustancial** y no descanse únicamente en sus alegaciones. *Birriel Colón v. Econo y Otro*, supra, pág. 90; *Ramos Pérez v. Univisión*, supra, págs. 215-216. A juicio de esta Curia, las declaraciones juradas presentadas por el apelado resultan vagas y no permiten razonar que existe una controversia real de hechos. En consonancia, concluimos que, en el presente caso, no existen hechos materiales en controversia.

Habiendo resuelto lo anterior, la única controversia de derecho que subsiste es, si el despido del señor Vázquez González fue injustificado.

Así las cosas, nos corresponde revisar, de *novo*, si el tribunal recurrido aplicó correctamente el Derecho al asunto que aquí nos ocupa. Para ello, atendemos los señalamientos de error segundo, tercero, cuarto y quinto, esgrimidos por la parte apelante.

En primer lugar, por estar intrínsecamente relacionados entre sí, atendemos de manera conjunta el segundo y el tercer señalamiento de error.

En virtud del primero, PLA arguye que, el foro primario incidió al concluir que, el despido del señor Vázquez González fue caprichoso. Por otro lado, por medio del segundo, la apelante sostiene que, el tribunal *a quo* erró al concluir que, PLA aplicó las normas de conducta de manera desigual entre el señor Vázquez González y el señor Reyes. Añade que, el Tribunal de Primera Instancia falló al resolver que, la falta de sanción a Reyes demuestra que, el señor Vázquez González tenía autoridad para regalar propiedad de PLA. Veamos.

Como bien hemos reseñado, el señor Vázquez González ocupaba el puesto de supervisor al momento en que autorizó al señor Reyes, empleado bajo su supervisión, a apropiarse de las bolsas de basura. Al autorizar al empleado a adueñarse de estas, el señor Vázquez González no solo incumplió con las normas de la empresa, sino que también faltó a su deber de hacer cumplir la política escrita de PLA. En ese contexto, somos del criterio que, la sanción impuesta al señor Vázquez González resulta proporcional al grado de responsabilidad que ostentaba como supervisor. Además, esta encuentra apoyo en la política escrita de la compañía, la cual era conocida por el señor Vázquez González.

Sobre ello, cabe señalar que, aunque no hubo una conducta recurrente, como bien concluyó el foro primario, nuestro Tribunal Supremo ha resuelto que, una primera falta puede ser razón suficiente para justificar un despido, siempre y cuando esta sea de tal seriedad o naturaleza que revele una actitud o un detalle de carácter tan lesivo al buen orden de la empresa que, esperar a que ocurra de nuevo constituiría una imprudencia. *Rivera v. Pan Pepín*, supra; *González Santiago v. Baxter Healthcare*, supra; *Indulac v. Unión*, supra.

Por otra parte, razonamos que, el hecho de que el señor Reyes no fuera sancionado, de ninguna manera implica que el apelado contaba con autoridad para permitir la apropiación. A juicio de esta *Curia*, PLA impartió la medida disciplinaria correspondiente, realizando una correcta distinción entre quien ejecutó un acto bajo la autorización de su supervisor, y aquel que otorgó una autorización que violentaba la política escrita de la compañía. No hay duda de que, tal distinción responde a la facultad del patrono de aprobar normas razonables para el buen y normal funcionamiento de la empresa. Véase, *Jusino et als. v. Walgreens*, supra; *González Santiago v. Baxter Healthcare*, supra, págs. 291-292.

En vista de todo lo anterior, concluimos que, el segundo y tercer error fueron cometidos. Contrario a la determinación del foro primario, razonamos que, el despido del señor Vázquez González no fue caprichoso, sino que respondió a la seriedad de la falta cometida, y a la necesidad de PLA de preservar el buen y normal funcionamiento de la empresa.

En su cuarto señalamiento de error, PLA sostiene que, el foro primario incidió al concluir que la norma de conducta de PLA era ambigua o había sido mal aplicada.

Conforme surge del expediente ante nuestra consideración, el Manual de Conducta, en su regla número 20, dispone puntualmente que, la siguiente conducta conlleva, como primera sanción, el despido:

> 20- Apropiación de propiedad privada de clientes, de empleados o de la compañía.
>
> Esto incluye la obtención y/o extraer sin autorización documentos oficiales, memos confidenciales o internos, minutas de reuniones de Gerentes y Supervisores y/o cualquier otro documento que no sea para circulación general.[39]

De lo anterior, se desprende que, la política de la empresa es clara y precisa. Si bien el texto de la norma hace referencia a la "apropiación" y no a la "autorización", no podemos perder de vista que, el señor Vázquez González se desempeñaba como supervisor en la empresa, por lo que tenía el deber, no solo de cumplir con las normas de PLA, sino también de hacer que sus supervisados cumplieran con estas. De hecho, así lo reconoció el apelado en su deposición.[40] Por otro lado, es nuestra apreciación que, la autorización del señor Vázquez González equivale a participar indirectamente en la apropiación de las bolsas, pues, de no haber autorizado al señor Reyes, este no se habría apropiado de los rollos en cuestión.

En consecuencia, razonamos que, el cuarto señalamiento de error fue cometido.

Por último, en su quinto señalamiento de error, PLA sostiene que, el tribunal recurrido incidió al concluir que, el valor monetario de las bolsas constituía un factor a considerar para determinar si el despido había sido justificado.

De conformidad al derecho aplicable, la justa causa de un despido se fundamenta en la violación de las normas razonables de

---

[39] Apéndice del recurso de apelación, entrada número 25, exhibit 1, pág. 17.
[40] *Íd.*, pág. 23, líneas 10-18.

la empresa. 29 LPRA sec. 185b. Nada en el ordenamiento jurídico dispone que, cuando un empleado es despedido por apropiación, se debe considerar el valor del bien apropiado para determinar si el despido fue justificado.

En el presente caso, surge de las propias alegaciones del señor Vázquez González que, este autorizó a un supervisado a apropiarse de bolsas de basura, acto que estaba prohibido por las políticas de la empresa. Dicha acción fue suficiente para que PLA aplicara las sanciones dispuestas en su manual de conducta. Así pues, razonamos que el quinto señalamiento de error también fue cometido.

Con todo, razonamos que, el despido del apelado constituyó justa causa. El señor Vázquez González, en su rol de supervisor, autorizó la apropiación de propiedad privada de la empresa. Dicha actuación violentó las normas de conducta de PLA y fue contraria a su deber de velar por que sus subordinados cumplieran con las políticas de la compañía. La acción del apelado comprometió la confianza entre este y su patrono. En ese sentido, reiteramos que, el despido del señor Vázquez González constituyó una medida proporcional y necesaria para mantener el buen y normal funcionamiento de la empresa. Insistimos en que, un patrono goza de facultad para despedir a un empleado cuando este lleva a cabo una conducta que altere el buen y normal funcionamiento de la empresa. *González Santiago v. Baxter Healthcare*, supra, págs. 282-283.

Finalmente, advertimos que, si bien nuestra Alta Curia ha reconocido que las decisiones del foro primario son merecedoras de deferencia judicial, es sabido que tal deferencia no es absoluta y puede ser preterida en ciertas instancias. *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *SLG Rivera Carrasquillo v. AAA*, 177

DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022).[41] Al tenor, y de conformidad con lo esbozado en los párrafos que anteceden, revocamos el dictamen apelado. Consecuentemente, desestimamos la demanda incoada por el señor Vázquez González.

**IV**

Por los fundamentos antes expuestos, se revoca el dictamen apelado. Consecuentemente, desestimamos la demanda incoada por el señor Vázquez González.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.  La jueza Romero García concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[41] Véase también, *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).